IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Danny O'Neal Jelks | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| R. James Nicholson, in his capacity | ) | Case No. 3:07-0550 |
| as Secretary Dept. of Veterans Affairs, | ) | Judge Echols |
| *et al.* | ) | Magistrate Judge Bryant |
| | ) | |
| Defendants. | ) | |

To:     Senior District Judge Robert Echols

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Currently pending in this civil action is defendants' motion to dismiss or, in the alternative, for summary judgment. (Docket Entry No. 21.) This motion is supported by memorandum (Docket Entry No. 22.) Plaintiff has made no response to this motion.

This motion was referred to the undersigned Magistrate Judge for report and recommendation. (Docket Entry No. 20). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that defendants' motion be **GRANTED** in its entirety. Specifically, the Magistrate Judge recommends that plaintiff's claims of race, color, sex, and hostile work environment discrimination as well as plaintiff's claims of retaliation, wrongful termination, and denial of due process be dismissed. Moreover, the Magistrate Judge recommends that the improperly named defendants be dismissed from the lawsuit.

## II. BACKGROUND

Plaintiff was hired under a career-conditional appointment as a full-time Housekeeping Aid, at the VA Tennessee Valley Healthcare System on January 25, 2004, subject to a one-year probationary period. (Docket Entry No. 22-1, Exhibit A.) On September 29, 2004, plaintiff was issued a letter from William H. Hardwick, Chief of Human Resources, notifying plaintiff that he was being discharged from employment with the VA Tennessee Healthcare System effective October 5, 2004, on grounds that since the date of his appointment, VA police had received from his fellow employees two complaints of sexual harassment and one complaint of threatening behavior. (Docket Entry No. 22-2, Exhibit B.) Plaintiff timely filed an administrative complaint of employment discrimination on December 2, 2004, alleging that the charges that resulted in his discharge were racially motivated. (Docket Entry No. 22-3, Exhibit C.) On September 22, 2006, an EEOC Administrative Law Judge dismissed plaintiff's Complaint for failure to cooperate. (Docket Entry No. 22-4, Exhibit D.) On February 26, 2007, a final agency decision was issued denying plaintiff's complaint that he was discriminated against on the basis of race when the VA terminated his employment. (Docket Entry No. 22-5, Exhibit E.) On February 27, 2007, plaintiff appealed this decision to the U.S. Equal Employment Opportunity Commission ("EEOC"). (Docket Entry No. 22-6, Exhibit F.)

On May 21, 2007, plaintiff filed his complaint under Title VII of the Civil Rights Act of 1964 in this court. (Docket Entry No. 22-7, Exhibit G.) Plaintiff's complaint alleges discrimination based on race, color, sex, and hostile work environment, as well as retaliation, conspiracy, denial of due process, and wrongful termination. *Id.* Named defendants in plaintiff's complaint are: R. James Nicholson, Secretary of Veterans' Affairs; David N. Pennington,

Director of Tennessee Valley Healthcare System; James F. Ball, Acting Chief Environmental Management Services (Nashville Campus); Terry Tate, Housekeeping Aid Supervisor (Nashville Campus); and Officer Murray C. Johnson, VA Police (Nashville Campus). *Id*. On June 7, 2007, the EEOC Office of Federal Operations affirmed the Agency's finding that plaintiff was not discriminated against. (Docket Entry No. 22-8, Exhibit H.)

### III. CONCLUSIONS OF LAW

Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) governs dismissal of lawsuits for lack of jurisdiction over the subject matter. Federal Rule of Civil Procedure 12(h)(3) states that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Under Rule 12(b)(1)**,** once the defendant challenges the court's subject matter jurisdiction, the plaintiff must meet the burden of proving jurisdiction**.** *Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 881 (6th Cir.2005)**.** A Rule 12(b)(1) motion may either challenge the complaint on its face or contest the factual basis of jurisdiction. *Id.* If the motion challenges the complaint on its face, the plaintiff's burden "is not onerous**.**" *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1248 (6th Cir.1996)**.** To defeat a facial challenge, the plaintiff need only demonstrate that the complaint alleges a "substantial" federal claim, which is established by showing that prior decisions do not render the claim frivolous. *Id.* A court evaluating a facial attack must consider the allegations of fact in the complaint to be true**.** *Jones v. City of Lakeland,* 175 F.3d 410, 413 (6th Cir.1999)**.** Thus, "the plaintiff can survive the motion by showing any arguable basis in law for the claim made**."** *Musson Theatrical,* 89 F.3d at 1248.

3

Alternatively, if a Rule 12(b)(1) motion contests the facts underlying subject matter jurisdiction, the court "must weigh the evidence" in order to determine whether it has the power to hear the case. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004). When facts are disputed, "[t]he district court has broad discretion to consider affidavits, documents outside the complaint, and to even conduct a limited evidentiary hearing if necessary." *Cooley v. United States,* 791 F.Supp. 1294, 1298 (E.D.Tenn.1992), *aff'd sub nom, Myers v. United States,* 17 F.3d 890 (6th Cir.1994). The court may consider such factual evidence without converting the Rule 12(b)(1) motion into a motion for summary judgment. *Id.*

Rule 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will accept as true the facts as the plaintiff has pleaded them. *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 619 (6th Cir.2002); *Performance Contracting, Inc. v. Seaboard Surety Co.,* 163 F.3d 366, 369 (6th Cir.1998). The Federal Rules of Civil Procedure require only that a plaintiff provide " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that recovery is very remote and unlikely but that is not the test." *Scheuer,* 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." *Swierkiewicz,* 534 U.S. at 514.

4

Recently, in *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007), the Supreme Court readdressed the pleading requirements under the Federal Rules. Specifically, the Court reconsidered the long-held dictum that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 1968 (quoting *Conley,* 355 U.S. at 45-46). The court rejected a literal reading of the "no set of facts" rule, under which "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* Instead, the Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65. Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by conclusory assertions. *Id.* at 1965 n. 3. Accordingly, the Court concluded that the "no set of facts" language, "after puzzling the profession for 50 years . . . has earned its retirement." *Id.* at 1969. "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.*

<u>Exhaustion of Administrative Remedies under Title VII</u>

Exhaustion of administrative remedies is a prerequisite to filing a district court lawsuit alleging discrimination under Title VII. *See Brown v. General Serv. Admin.*, 425 U.S. 820, 823-33 (1979). A plaintiff may only bring an action in district court after he has exhausted the administrative remedies provided under 42 U.S.C. § 2000e-16 and 29 C.F.R. § 1613.281.

Timely filing a charge with the EEOC and subsequently filing a complaint in federal district court in a timely manner are prerequisites to maintaining a Title VII action. *Lomax v. Sears, Roebuck, & Co.*, No. 99-6589, 2000 WL 1888715, *6 (6th Cir. Dec. 19, 2000) (unpublished decision). Such "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Furthermore, such jurisdictional filing requirements may not be set aside just because a plaintiff initiates an action without the assistance of counsel and is unfamiliar with the mechanics of Title VII.. *See Askew v. Stone*, No. 94-2153, 1996 WL 135024 (6th Cir. Mar. 25, 1996) (unpublished decision).

There is some disagreement within the Sixth Circuit regarding whether to treat a failure to exhaust administrative remedies as a jurisdictional bar or a condition precedent to an action in district court. *Cf. McKnight v. Gates*, 2007 WL 1849986 (M.D. Tenn. 2007); *see also Hopson v. DaimlerChrysler Corp.*, 157 Fed.Appx. 813, 2005 WL 3065966 (6th Cir. Nov. 15, 2005) (unpublished decision); *Askew,* 81 F.3d at 160. Regardless of how the Sixth Circuit chooses to treat this failure, it is clear that courts consistently hold that "when a claim is not first presented to the EEOC, the claim may not be brought in court." *Lomax*, 2000 WL 1888715 at *6.

<u>Failure to Exhaust Administrative Remedies with Respect to Plaintiff's Claim of Race Discrimination</u>

On December 2, 2004, plaintiff, a housekeeping aid at the VA Tennessee Valley Healthcare System, brought a complaint of employment discrimination based on his race to the EEOC. In an order dated September 22, 2006, the EEOC administrative law judge ("ALJ") entered an order dismissing the complaint because of plaintiff's failure to cooperate. The ALJ

6

found that on the basis of the record as a whole, the plaintiff had failed to put forth sufficient facts to show any genuine and material issues of fact or credibility requiring a hearing. Accordingly, the ALJ remanded the complaint to the Department's Office of Employment Discrimination Complaint Adjudication ("OEDCA") for an immediate final agency decision based on the investigative record.

On February 26, 2007, the OEDCA issued a final agency decision denying plaintiff's complaint that he was discriminated against on the basis of his race. After this decision was issued, plaintiff could have immediately filed an action in the federal district court. See 29 C.F.R. § 1613.281 (authorizing a civil action after either the initial agency action, or after review of the initial agency action by the EEOC Office of Review and Appeals). Instead, plaintiff chose to pursue further administrative remedies, appealing the following day on February 27, 2007, to the EEOC Office of Federal Operations. Exhaustion of administrative remedies requires strict compliance with the procedures and time limitations set forth in 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1613.281(d). *Askew*, 81 F.3d 160 *3. Under Section 2000e-16(c), there is a 180-day waiting period after filing a charge with the EEOC before suit may be filed in federal court. *Id.*

In the present case, plaintiff filed his complaint under Title VII in this court on May 21, 2007. This does not meet the 180-day time limitation, causing plaintiff's complaint to be filed prematurely. Plaintiff's case is very similar to *Tolbert v. United States*, 916 F.2d 245 (5th Cir. 1990), a case that the Sixth Circuit cited with approval in *Askew, supra.* The court in *Tolbert* stated "[P]laintiffs in Title VII actions who seek EEOC review of the decision of whatever initial agency denied their claim must complete the course of review by the EEOC before filing a civil

7

action." 916 F.2d at 248. In the present case, plaintiff clearly did not "complete the course of review" before filing his complaint with the district court.

On June 7, 2007, the EEOC Office of Federal Operations affirmed the Agency's finding that plaintiff was not discriminated against. The remaining question then is whether the defect in plaintiff's action was cured when the EEOC issued its decision. The court in *Tolbert* stated that "the rule must be that the defect [is] not cured" because to hold otherwise would "produce all of the evils that are designed to be avoided by requiring exhaustion of administrative remedies." *Id.* at 249. As in *Tolbert*, plaintiff could not abandon the administrative review midcourse and this defect is not cured by the EEOC's issuing a decision on June 7, 2007, after the filing of plaintiff's lawsuit.

Regardless of whether a motion to dismiss for failure to exhaust administrative remedies should be treated as a Rule 12(b)(6) or a Rule 12(b)(1) motion, the undersigned finds that plaintiff's claim of race discrimination should be dismissed either way. The cases establish a simple rule: "file in the time allotted, and neither before nor after." *Id.* Plaintiff's failure to observe this rule requires that his claim of race discrimination be dismissed.

<u>Failure to Exhaust Administrative Remedies with Respect to Plaintiff's Claims of Color, Sex, Retaliation, and Hostile Work Environment Discrimination.</u>

In plaintiff's December 2, 2004 charge, he brought a complaint of employment discrimination based solely on his race to the EEOC. Therefore, the EEOC's ALJ as well as the OEDCA only made a judgment based on this single complaint: discrimination based on race. However, plaintiff's lawsuit brought in this court on May 21, 2007 raises for the first time claims that the plaintiff was discriminated against because of his color and sex, and further alleges

8

retaliation and the existence of a hostile work environment. In order for federal courts to have jurisdiction of Title VII claims, a plaintiff must first unsuccessfully pursue administrative relief; therefore, if a plaintiff does not first present a claim to the EEOC, that claim may not be brought before the court. *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991). However, "if the allegation could 'reasonably be expected to grow out of the charge of discrimination' with the EEOC," the subsequent claim will not then be barred. *King v. Tecumseh Public Schools*, No. 99-1651, 2000 WL 1256899 (6th Cir. July 13, 2000) (unpublished decision) (quoting *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)). The plaintiff is not precluded from bringing suit on a claim "where the facts related with respect to the charged claim would prompt the EEOC to investigate [the] different, uncharged claim." *Id.* (quoting *Davis v. Sodexho,* 157 F.3d 460, 463 (6th Cir. 1998)). In the present case, the plaintiff is pro se, and when a Title VII claimant proceeds without counsel and is untrained in the law, the courts will interpret an EEOC charge broadly. *Lomax*, 2000 WL 1888715 at *6. Nevertheless, "all claimants, including pro se claimants, have a responsibility to meet the requirements of the law, which include setting out the specific nature of each of their claims and the specific facts supporting each claim." *Id.*

The question regarding plaintiff's claims for retaliation and for color, sex, and hostile work environment discrimination is whether they can be reasonably expected to grow out of the EEOC charge. The instant case is very similar to *Moore v. Food Lion*, 2007 WL 596955 (M.D. Tenn. Feb. 21, 2007). In *Moore*, the plaintiff's basis for his claim of discrimination was set forth clearly in the race (African American) discrimination charge. *Id.* In regards to the plaintiff's additional color and sex discrimination claims, the *Moore* court ruled:

9

> A claim of sex discrimination would not be expected to reasonably grow out of such an allegation. *See, Young v. City of Houston,* 906 F.2d 177, 179-180 (5th Cir.1990)(sex discrimination charge could not reasonably be expected to grow out of race and age discrimination); *cf., Reynolds v. Solectron Global Serv.,* 358 F.Supp.2d 688, 691-692 (W.D.Tenn.2005)(race and color discrimination charge cannot reasonably be expected to grow out of sex discrimination charge). Likewise, color discrimination is distinct from race discrimination in that the former "arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual." *Bryan v. Bell Atlantic Maryland, Inc.,* 298 F.3d 124, 133 n. 5 (4th Cir.2002); *see also, Moore v. Dolgencorp, Inc.,* 2006 WL 2701058 at *3 (E.D.Mich.2006) ( "The court will not expand plaintiff's race discrimination claim to include these additional claims of sex and color discrimination, which plaintiff did not pursue in her EEOC action.").

*Id.* Therefore, in the instant case, the undersigned Magistrate Judge finds that plaintiff's claims of sex and color discrimination should be dismissed because he failed to present them to the EEOC first, and they cannot be reasonably expected to grow out of the EEOC charge of race discrimination.

Plaintiff also alleges a claim for retaliation. Retaliation claims stand on a different footing than those discussed above. Courts have held "that it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Ang*, 932 F.2d at 547. The Court in *Duggins v. Steak 'N Shake*, 195 F.3d 828, 832 (6th Cir. 1999), stated: "If an EEOC charge does not properly allege a retaliation claim, the court only has jurisdiction over retaliation arising as a result of filing the EEOC charge itself." However, as noted in *Moore*, the Sixth Circuit has observed, "retaliation naturally grows out of an underlying substantive discrimination charge, making a retaliation claim foreseeable to the defendants." 2007 WL 596955 at *2 (citing

10

*Duggins*, 195 F.3d at 833). In *Duggins*, the court held that where the plaintiff alleged facts to the EEOC which clearly included retaliation allegations, even though those facts were relayed through an affidavit, and where that plaintiff was not represented by legal counsel in writing her one-page EEOC charge, such a plaintiff should not be precluded from bringing a retaliation claim in the complaint. 195 F.3d at 833.

In the present case, the plaintiff was terminated prior to filing his EEOC complaint; therefore, his retaliation claim stems from conduct occurring before the filing of this EEOC charge. If retaliation claims stem from conduct occurring *before* the filing, the retaliation claims must be included in the EEOC charge. *Strouss v. Michigan Dept. of Corrections*, 250 F.3d 336, 342 (6th Cir. 2001). While the *Duggins* case allows an exception to this rule if the retaliation claim grows out of an underlying substantive discrimination charge, the present case is distinguishable from *Duggins*. 195 F.3d at 833. Unlike the plaintiff in *Duggins*, the instant plaintiff's EEOC complaint neither included any retaliation allegations nor relayed any facts through an affidavit regarding retaliation. *Id.* In *Moore*, the court stated that while a plaintiff could not pursue a claim of retaliation insofar as it is based on the filing of a charge with the Tennessee Human Rights Commission ("THRC") that occurred after a discharge from employment, such plaintiff may be able to pursue a retaliation claim insofar as he complained about illegal discrimination while employed and those circumstances were relayed to the THRC. 2007 WL 596955 at *2. The present plaintiff's complaint, on the issue of retaliation, states:

> I was retaliated against and terminated after I brought my concerns to the attention of Officer Murray Johnson's supervisor and to Ms. Francis, the Human Resource person. After officially making my concerns known, I was brought into the office one day and terminated.

11

(Docket Entry No. 22-7, Attachment A). The undersigned does not read this claim as one that naturally grows out of the underlying substantive discrimination charge that would make a retaliation claim "foreseeable to the defendants." *Duggins*, 195 F.3d at 833. Plaintiff neither provides any further information as to how he was retaliated against nor does he present any information that his "concerns," which he also does not elaborate on, were relayed to the EEOC. A "retaliation claim, by definition, arises *after* the filing of the EEOC charge." *Ang*, 932 F.2d at 547 (emphasis added). Moreover, the charge of race discrimination that was properly brought to the EEOC is not properly brought before this court due to plaintiff's failure to meet statutory requirements of waiting 180 days before filing a complaint with the court after appealing to the EEOC Office of Federal Operations. The Court in *Ang* held that, "It is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." 932 F.2d at 547. Plaintiff does not have an administrative charge already properly before the court. For the foregoing reasons, the undersigned binds that plaintiff's retaliation claim should also be dismissed for failure to exhaust administrative remedies.

     Plaintiff also alleges that he was employed in a hostile work environment which negatively impacted his chances for promotion and advancement. However, in plaintiff's EEOC complaint, he only alleges discriminatory discharge based on race. In *Lomax*, the Sixth Circuit found that the employee's EEOC charge alleging only that his scheduled work hours were reduced, he failed to receive a promotion, and that he was terminated because of race, would not support a lawsuit based on a claim of racially hostile work environment as that claim was not

part of his administrative filing. 238 F.3d 422, 2000 WL 1888715 at *6. The Court in *Lomax* held that such a "racially hostile work environment claim should fail on the basis that it was not included in his EEOC charge, even when that charge is read broadly." *Id.*; *see also Nasser v. City of Columbus*, No. 03-3739, 2004 WL 473985 (6th Cir. Mar. 10, 2004) (unpublished decision) (A discrimination charge filed with the EEOC did not allege a hostile work environment and that charge was not reasonably expected to grow out of a charge of failure to transfer or improper termination). Also, in *Scott v. Eastman Chemical Co.*, No. 05-6079, 2008 WL 1808549 (6th Cir. Apr. 22, 2008) (unpublished decision) the court held that a plaintiff failed to exhaust her hostile environment claim, as she offered no evidence that the EEOC actually investigated this claim or that such claims could reasonably be expected to grow out of the sex discrimination charge.

In the present case, the EEOC only investigated and ruled on whether the plaintiff was discriminated against on the basis of his race. This is analogous to the plaintiff's charge in *Lomax,* who also alleged termination based on race. 2000 WL 1888715 at *6. Even when such a charge is read broadly, the Sixth Circuit ruled that it would not support a claim of hostile work environment if that claim was not part of the administrative filing. *Id.* Therefore, the undersigned Magistrate Judge finds that plaintiff's hostile work environment claim should fail for failure to exhaust his administrative remedies by first filing such a charge with the EEOC.

### Conspiracy Claim under 42 U.S.C. § 1985

Plaintiff also alleges a claim for civil conspiracy under 42 U.S.C. § 1985, the statute governing conspiracy to interfere with civil rights. The Court in *Brown v. General Serv. Admin.,* 425 U.S. 820, 835 (1976), held that Title VII provides the exclusive remedy for employment

13

discrimination claims advanced by federal employees. Furthermore, the Supreme Court in *Great American Federal Savings & Loan Ass'n v. Novotny,* 442 U.S. 366 (1979), held that 42 U.S.C. § 1985 cannot be used to enforce rights created by Title VII. Otherwise, said the Court, a plaintiff "could completely bypass the administrative process, which plays such a crucial role in the scheme established by Congress in Title VII." *Id.* at 376. The Court also noted that the short and precise time limitations for asserting employment discrimination claims might be altered if a plaintiff proceeds outside Title VII. *Id.* Moreover, the Sixth Circuit in *Day v. Wayne County Board of Auditors,* 749 F.2d 1199 (6th Cir.1984), found that 42 U.S.C. § 1983 cannot be used to assert claims which are derived from Title VII. As the court in *Day* said:

> It would be anomalous to hold that when the only unlawful employment practice consists of the violation of a right created by Title VII, the plaintiff can bypass all of the administrative processes of Title VII and go directly into court under § 1983.

*Id*. at 1204.

In the instant case, plaintiff, as a former federal employee, is asserting a claim that is derived from the provisions of Title VII. The Sixth Circuit has definitively ruled that 42 U.S.C. § 1983 cannot be used to assert claims which are derived from Title VII. *Id.* Therefore, plaintiff's conspiracy claim growing out of his Title VII claims should be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), since plaintiff cannot use § 1983 to enforce rights created by Title VII. Plaintiff is limited to his Title VII remedies, which as noted above, have not been administratively exhausted.

<u>Wrongful Termination</u>

Plaintiff additionally alleges that he was wrongfully terminated. Plaintiff was a probationary employee, and during such probationary period, the police received two complaints

14

of sexual harassment and one complaint of threatening behavior by plaintiff towards a fellow employee. 5 C.F.R. § 315.804 provides:

> When an agency decides to terminate an employee serving a probationary or trial period because his work performance or conduct during this period fails to demonstrate his fitness or his qualifications for continued employment, it shall terminate his services by notifying him in writing as to why he is being separated and the effective date of the action. The information in the notice as to why the employee is being terminated shall, as a minimum, consist of the agency's conclusions as to the inadequacies of his performance or conduct.

The Supreme Court stated in *Sampson v. Murray*, 415 U.S. 61, 63 (1974), that the procedural protections which the regulations accord to most dismissed probationary employees are limited. Commonly, probationary employees found unqualified for continued employment may be dismissed simply by notifying him or her in writing as to why he or she is being separated and the effective date of the action. *Id.*

In the present case, the VA Tennessee Valley Health Care System complied with 5 C.F.R. § 315.804 as the plaintiff was notified of his termination in writing on September 29, 2004. (Exhibit B.) In such notification, the plaintiff received exact reasons why his employment was being terminated. The employer's notice of discharge to the plaintiff stated:

> Since the date of his appointment, VA Police have received two complaints of sexual harassment by you and one complaint of threatening behavior by you towards a fellow employee. This type of conduct is unacceptable and cannot be tolerated. Therefore, your appointment is being terminated.

*Id.* The employer also stated that the effective date of such action would be October 5, 2004. *Id.* The Sixth Circuit in *Booher v. U.S. Postal Service*, 843 F.2d 943, 945 (6th Cir. 1988), has stated:

> It stands to reason that Congress's decision to exclude probationary employees from the statutory remedial scheme reflects an assessment of those considerations as they pertain to employees who have not fully demonstrated their competence or ability to interact with
>
> their co-workers and superiors. [We] should be hesitant, therefore, to create a judicial

15

remedy where Congress has determined that no statutory remedy should lie.

(quoting *Francisco v. Schmidt*, 575 F. Supp. 1200 (E.D. Wis. 1983)). The Court in *Booher* went on to say that, "regardless of what review is allowed federal employees generally, we conclude that the same rights of judicial review of agency actions should not be extended to probationary employees in the absence of specific allegations of violations of the agency's own procedures and regulations." 843 F.2d at 946. There is no indication in this case that the VA Tennessee Valley Health Care System failed to comply with its own procedures and regulations, or the Code of Federal Regulations. Accordingly, plaintiff's claim of wrongful discharge apart from the claims under Title VII should be dismissed.

Denial of Due Process

Plaintiff, undisputedly a probationary employee prior to his discharge, alleges he was denied due process after being terminated. To receive protection under the Due Process Clause, a public employee must show a legitimate claim of entitlement to employment through the existence of a property or liberty interest. *See Board of Regents v. Roth*, 408 U.S. 564 (1972). As a probationary federal employee, plaintiff simply does not have a sufficient property interest in continued federal employment to trigger due process protections. *Booher*, 843 F.2d at 944. Nor has he alleged that his termination was accompanied by public disclosure of any stigmatizing information, other than what is in his personnel file, which the undersigned finds is insufficient to implicate a protectable liberty interest. *Cf. Schware v. Board of Bar Examiners*, 353 U.S. 232 (1957) (mere proof that a record of nonretention in one job, making someone less attractive to other employers, would hardly establish the kind of foreclosure of opportunities amounting to a deprivation of liberty.); *see also Fullmer v. Michigan Dept. of State Police*, 360 F.3d 579, 581 (6th

16

Cir. 2004) (under well-settled precedent, damage to reputation alone does not implicate a protected liberty interest). Therefore, plaintiff's due process claim should be dismissed.

Dismissal of Improperly Named Defendants

Plaintiff brings this suit pursuant to Title VII of the Civil Rights Act.(Compl. ¶ 1.) Plaintiff names four individual defendants. The only proper defendant in a federal employment discrimination case is the head of the employing agency. 42 U.S.C. § 2000e-16(c); *See also Carver v. Veterans Admin.*, 455 F.Supp. 544, 545 n.2 (E.D. Tenn. 1978). In the present case, defendant R. James Nicholson is the Secretary of Veterans Affairs. (Compl. ¶ 3 and Attachment A.) Defendant David N. Pennington is the Director of the Tennessee Valley Healthcare System. *Id.* Defendants James F. Ball, Terry Tate, and Murray C. Johnson were all federal employees at the time relevant to the complaint. *Id.* In *Burnett v. Tyco Corp.*, 932 F.Supp. 1039, 1041 (W.D. Tenn. 1996), the court found that "the relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act." (citing *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991)). Moreover, the Sixth Circuit has required that plaintiffs suing subunits of cabinet-level departments name the relevant department head as the defendant. *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). Therefore, in the instant case, defendants James F. Ball, Terry Tate, Murray C. Johnson, and David N. Pennington should be dismissed as improperly named defendants since they were all acting as employees under defendant Nicholson, the agency head and only properly named defendant here.

## IV. RECOMMENDATION

17

Case 3:07-cv-00550   Document 29   Filed 07/16/08   Page 17 of 18 PageID #: 213

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that the defendants' motion to dismiss, or, in the alternative, for summary judgment be **GRANTED** in its entirety and that the complaint be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 16th day of July, 2008.

/s/ John S. Bryant
John S. Bryant
United States Magistrate Judge